Jefferson Memorial Park v. Commissioner.
Jefferson Memorial Park v. Commissioner
Docket No. 3230-62.
United States Tax Court
T.C. Memo 1963-32; 1963 Tax Ct. Memo LEXIS 312; 22 T.C.M. (CCH) 128; T.C.M. (RIA) 63032; February 5, 1963
*312 Robert W. McWhinney, Esq., Frick Bldg., Pittsburgh, Pa., for the petitioner. H. Morrison Johnston, Esq., for the respondent. FAY
Memorandum Findings of Fact and Opinion The basis for this proceeding is the respondent's determination of deficiency in income tax in the amount of $38,981.66 for the year 1958. Upon the filing of a petition for redetermination, the respondent moved to dismiss for lack of jurisdiction. The petitioner filed a counter motion in which it contended that the respondent's motion was not timely made, that the respondent had filed no answer to its petition, and as a result thereof prayed that the allegations in the petition be deemed to have been admitted by the respondent. Our attention is directed solely to a consideration of the respective motions. Findings of Fact On May 16, 1962, the respondent mailed a notice of deficiency in income tax to: Jefferson Memorial Park Post Office Box 10898 Pittsburgh 36, Pennsylvania
On August 14, 1962, a petition for redetermination of that deficiency was filed with this Court bearing the caption: JEFFERSON MEMORIAL PARK, PETITIONER. The first-numbered allegation of the petition reads in part *313 as follows: The Petitioner is Jefferson Memorial Park, a Pennsylvania Corporation, which was dissolved on December 31, 1958 * * *. The amended verification is signed by Robert W. McWhinney who states therein, in effect, that Robert W. McWhinney was a member of the board of directors of Jefferson Memorial Park on its last day of business, that Robert W. McWhinney is one of the surviving members of the board of directors that wound up the affairs of the corporation, that no receiver was appointed by the Court of Common Pleas of Allegheny County where the registered office of the corporation was located, and that Robert W. McWhinney is authorized by the other surviving directors of the corporation to make this verification. Opinion FAY, Judge: The first matter to be disposed of is respondent's motion to dismiss the proceeding on the ground that Jefferson Memorial Park is no longer in existence and being no longer in existence is incapable of maintaining this appeal. It is well established that the life of a corporation is totally dependent on the provisions of law creating it, and if by the provisions of its charter or the statutes creating it the period of its existence is *314 limited, its life can not extend beyond the end of that period unless by statute of the State creating the corporation its life is extended. ; ; ; . Since Jefferson Memorial Park was dissolved on December 31, 1958, this Court is without jurisdiction to redetermine the deficiency asserted by the respondent against the corporation unless there is authority under the Pennsylvania statutes for the prolongation of the life of the corporation for litigating purposes and unless it further appears that this proceeding has been brought in accordance with such statutory authority. Prior to July 3, 1933, the statutes of Pennsylvania permitted a dissolved corporation to institute, maintain and defend suits despite the fact that its corporate existence had come to an end. ; . *315 On July 3, 1933, the statutes of Pennsylvania were revised and with regard to matters relating to the dissolution of a corporation provided in part as follows: [1]
TITLE 15, Section 2852-1111. Survival of remedies and rights after dissolution. A. The dissolution of a business corporation, either by the issuance of a certificate of dissolution by the Department of State, or the decree of a court of common pleas, when the court has not liquidated the assets and property of the corporation, or expiration of its period of duration, or by the sale of all its franchises, property and assets to another business corporation, shall not take away or impair any remedy given against such corporation, its directors or shareholders, for any liability incurred prior to such dissolution, if suit thereon is brought and service of process had [before or] within two years after the date of such dissolution. Such suits may be prosecuted against and defended by the corporation in its corporate name. (The bracketed words were added in 1939.) In 1957 another subsection was added, and it provided as follows: B. The dissolution *316 of a business corporation shall not take away or impair any property right, tangible or intangible, including any right of action, of such corporation. Should any such property right be discovered after the dissolution of the corporation, the surviving member or members of the board of directors which wound up the affairs of the corporation, or a receiver appointed by the court of common pleas of the county in which the registered office of the corporation was located, shall have authority to enforce such property right and to collect and divide its assets so discovered among the persons entitled thereto and to prosecute suits in the corporate name of the corporation. * * * It seems evident by reason of the 1957 amendment that the Pennsylvania statutes, notwithstanding what the law may have been between 1939 and 1957, now permit a corporation to institute and maintain suits despite the fact that its corporate existence has been terminated. Such being the case and there apparently being no time limit established by the statute on the institution of such suits, we conclude that the Jefferson Memorial Park was competent to institute a proceeding for the redetermination of the deficiency *317 for the year 1958. Furthermore, based on the amended verification we conclude that Robert W. McWhinney was authorized by the laws of Pennsylvania to institute the instant case on behalf of Jefferson Memorial Park. Respondent's motion to dismiss for lack of jurisdiction is denied. The second matter before us concerns the petitioner's motion to have the allegations of the petition deemed admitted by the respondent. On the authority of , the petitioner's motion is denied. Footnotes
1. The statutes are compiled in Purdon's Penna. Statutes Annotated.↩